IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRIDGETT SNODGRASS                                                                PLAINTIFF

v.                                       CIVIL NO. 14-5162

CAROLYN W. COLVIN, Acting Commissioner
Social Security Administration                                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Bridgett Snodgrass, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background**

Plaintiff protectively filed her application for DIB on March 21, 2012, alleging disability since December 8, 2010, due to a slipped disc in her back. (Tr. 16, 156). For DIB purposes, Plaintiff retained insured status through December 31, 2015. (Tr. 18). An administrative hearing was held on May 9, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 29-58).

By a written decision dated June 14, 2013, the ALJ determined Plaintiff's spondylosis of the lumbar spine, degenerative disc disease at the L4-L5 and L5-S1 levels post-laminectomy, and asthma were severe impairments. (Tr. 18). After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment

in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work "except the claimant must work in a controlled environment where there is no dust, fumes, or smoke in concentrated amounts, and where there are no temperature extremes." (Tr. 19).

With the help of a vocational expert (VE), the ALJ found Plaintiff could perform her past relevant work (PRW) as a teacher's aide and telephone solicitor. (Tr. 24). The ALJ concluded Plaintiff was not disabled as defined by the Act during the relevant time period. (Tr. 24).

Plaintiff next requested a review of the hearing decision by the Appeals Council, which denied the request on April 3, 2014. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). The parties consented to the jurisdiction of this Court on June 9, 2014. (Doc. 6). Both parties have filed appeal briefs, and the case is ready for decision. (Docs. 10, 11).

**II. Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and

one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.

**III. Discussion**

Plaintiff argues the ALJ erred in evaluating her credibility, and did not base the RFC assessment on substantial evidence. (Doc. 10, p. 12).

**A. Credibility**

Plaintiff believes the ALJ overlooked evidence of her back pain and leg numbness. (Doc. 10, pp. 13-15).

The ALJ was required to consider all of the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.

The ALJ addressed the Polaski factors in the written decision, and found Plaintiff's subjective complaints only partially credible because the medical evidence documented a successful back surgery and significant post-surgery improvement, she stopped taking prescription pain medicine, and testified she only occasionally used Tylenol for her back pain. (Tr. 21). The ALJ also highlighted that Plaintiff joined a gym, completed relatively normal daily activities (such as dancing and camping), and gave inconsistent statements. (Tr. 21-23). These were valid reasons for the ALJ to partially discount Plaintiff's subjective complaints. See e.g., Cox v. Barnhart, 471 F.3d 902 (8th Cir. 2006).

Accordingly, the undersigned finds the ALJ's credibility analysis is based on substantial evidence.

**B. RFC Assessment**

Plaintiff alleges the ALJ improperly rejected the opinions of the non-examining, consulting physicians. (Doc. 10, pp. 15-17).

RFC is the most a person can do despite that person's limitations, and is assessed using all relevant evidence in the record. 20 C.F.R. §404.1545(a)(1). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393. F.3d 798, 801; Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). A claimant's RFC is a medical question, therefore, an ALJ's determination concerning a claimant's RFC must be supported by some medical evidence that addresses the claimant's ability to function in the workplace. Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001); Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). Even though the RFC assessment draws from medical sources, it is ultimately an administrative determination. 20 C.F.R. §§ 416.927(e)(2), 416.946; Cox v. Astrue, 495 F.3d 614 (8th Cir. 2007). In evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively, but should "consider at least some supporting evidence from a professional." Lauer, 245 F.3d at 704.

At the hearing, Plaintiff testified she had lingering back pain after a spinal fusion in December of 2010, and depression due to not working since her back surgery. (Tr. 38-40). She stated she took pain medications and a muscle relaxer as needed and could only complete normal

daily activities in small steps, but also shared she cared for her 17-month-old family member at home and exercised regularly to treat her back pain. (Tr. 41-42, 48).

Plaintiff's treatment notes indicate her back condition improved after surgery. Dr. Knox stated Plaintiff's back condition had improved by 50-percent since before her surgery and remarked that "she continues to do well" in April of 2011. (Tr. 202). Plaintiff underwent a Functional Capacity Evaluation on April 28, 2011, which showed Plaintiff could perform at least light work, although her level of effort was considered unreliable. (Tr. 210-211). During the evaluation, Plaintiff was able to lift and carry up to fifteen pounds frequently and thirty pounds occasionally; frequently climb, kneel, crouch, push, pull, and reach; and occasionally stoop and balance. (Tr. 211-212).

Physical therapy notes confirmed Plaintiff's condition continued to improve. In April of 2011, her rehab was going well and her pain was only a 1/10. (Tr. 252). Plaintiff reported pain of 3 to 4/10 in May of 2011, but by June of 2011 her pain was a 1 to 2/10 and she was "able to boat [ ] over the weekend and camp out a little." (Tr. 250). At her last physical therapy appointment, notes show her pain was only a 2 to 3/10 after she had spent time doing "a lot of dancing over the weekend." (Tr. 250).  At a follow-up in June of 2011, Dr. Knox addressed Plaintiff's Functional Capacity Evaluation, and encouraged her to pursue vocational training. (Tr. 201).

In December of 2011, Dr. Knox noted Plaintiff did not believe her condition was bad enough to consider a follow-up surgery to remove her medical hardware, and remarked she was "taking no pain medication at this time and continuing with her home exercise." (Tr. 199). He also opined Plaintiff had only a 12-percent permanent disability, in the context of her worker's compensation case, and suggested "it would probably benefit her to pursue a Vo-Tech program"

to retrain for a new career. (Tr. 199). At her final follow-up, in December of 2012, x-rays showed stable post-operative changes, although a "mild disc space collapse" was noted. (Tr. 263-267). An exam found Plaintiff had normal active range of motion in her spine. (Tr. 265). Dr. Knox did not prescribe any pain medications and encouraged Plaintiff to continue with her exercise and conditioning program. (Tr. 265-266).

Other treatment notes show Plaintiff's physical exams were normal during the relevant period, although she received medication to control her high blood pressure and depression, and was prescribed Flexeril at visits in December of 2012 and March of 2013 by a nurse at a medical clinic. (431, 434, 436-438).

In addition to Plaintiff's treatment notes, Dr. Ronald Crow, a non-examining consultant, opined in May of 2012 that Plaintiff could perform light work as long as she only had to occasionally stoop, balance, crouch, and crawl. (Tr. 231-237). Dr. Bill Payne affirmed Dr. Crow's opinion in June of 2012. (Tr. 245).

The ALJ addressed the non-examining consultants' opinions, but gave their conclusions less weight because of evidence submitted after their assessments. (Tr. 23). Non-examining consultants' opinions are usually entitled to less weight, particularly when their opinions are not supported by a narrative explanation, or when the consulting physician did not see relevant medical records. McCoy v. Astrue, 648 F.3d 605, 615-616 (8th Cir. 2011). Here, it appears the non-examining consultants did not review Plaintiff's physical therapy notes, which documented her back improvement and increased activity level, her exam notes from treatment providers other than Dr. Knox, or Dr. Knox's examination in December of 2012. (Tr. 229, 242-243). The consultants' opinions instead mirror the results of Plaintiff's Functional Capacity Evaluation in

April of 2011 when she was assessed only four months after fusion surgery and before completing her physical therapy. Since the consultants' opinions match the evaluation, their conclusions were questionable because Plaintiff's effort level on the evaluation was suspect. Additionally, more recent treatment notes indicate her spine exams were normal, and she did not seek treatment for her back condition until December of 2012, when she was prescribed Flexeril even though she was treated for other minor conditions. (Tr. 265, 431, 434, 436-438). As the ALJ emphasized, Plaintiff's activities had also increased by June of 2011, and she was able to dance, camp, and boat, which is inconsistent with postural limitations. (Tr. 210, 250, 252). Based on Plaintiff's lack of follow-up medical treatment, lack of credibility, and regular activities, the ALJ's omission of postural limitations from the RFC assessment is supported by the record.

Accordingly, the undersigned finds the ALJ's RFC determination is based on substantial evidence.

### C. Step Four

The burden is on the claimant to demonstrate she is unable to return to her past relevant work. Eichelberger, 390 F.3d at 591. While VE testimony at step four is not necessary to determine if a claimant can perform her past work, the ALJ may consider VE testimony. Wagner v. Astrue, 499 F.3d 842, 853 (8th Cir. 2007). A VE's response to a properly posed hypothetical question at step four provides substantial evidence to support the ALJ's finding that an individual can perform her past work. Depover v. Barnhart, 349 F.3d 563, 568 (8th Cir. 2003).

The ALJ asked the VE about the exertional demands and skill requirements of Plaintiff's past relevant work. (Tr. 54). In response, the VE testified Plaintiff's work included nurse assistant at the medium, unskilled level; housekeeper at the medium, unskilled level; teacher's aide at the

light, semi-skilled level, and telephone solicitor at the sedentary, semi-skilled level. (Tr. 54). The ALJ then posed a hypothetical question to the VE that was consistent with the RFC assessment. (Tr. 55). In response, the VE testified the hypothetical person could perform Plaintiff's past work as a teacher's aide and telephone solicitor. (Tr. 55). Such testimony, based on a hypothetical question consistent with the record, constitutes substantial evidence. See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).

Based on the foregoing, the undersigned finds the ALJ's determination that Plaintiff is able to perform her past relevant work is supported by substantial evidence.

**IV. Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. Plaintiff's Complaint is dismissed with prejudice.

Dated this 23rd day of September, 2015.

s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE